UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEMOYE MUSLAR,

      Petitioner,

    v.                                                    CAUSE NO. 3:26cv692 DRL-SJF

BRIAN ENGLISH,

      Respondent.

<u>ORDER</u>

Immigration detainee Kemoye Muslar filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is confined by United States Immigration and Customs Enforcement (ICE) in violation of the laws or Constitution of the United States. Pursuant to Section 2254 Habeas Corpus Rule 4, which the court may apply to petitions under § 2241, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Muslar alleges he is a citizen of Jamaica, who came to the United States on September 4, 2024, on a visitor visa. He says he was arrested by local police after his ex-girlfriend accused him of stealing her money, though the charges were later dropped. Because of those charges, he continues, he was taken into custody by United States Immigration and Customs Enforcement (ICE) on November 6, 2025. He reports he was ordered removed from the United States on March 30, 2026, and he appealed the removal order to the Board of Immigration Appeals (BIA). The appeal is still pending.

Mr. Muslar filed this habeas petition in May 2026, arguing that his detention is unlawful under the standards in *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he has been detained for more than six months and because he has not received the 90- or 180-day review required by regulation.

*Zadvydas* is not applicable to Mr. Muslar's detention. *Zadvydas* governs the standards of detention under 8 U.S.C. § 1231(a), which applies once a noncitizen enters the "removal period" and beyond. The removal period begins the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration confinement. 8 U.S.C. § 1231(a)(1)(B).[1] A removal order becomes administratively final upon the earlier of "a determination by the Board of Immigration Appeals affirming such order" or "the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). Because Mr. Muslar's removal order is on appeal to the Board of Immigration Appeals, he has not entered the removal period, and his detention does not fall under § 1231. Therefore, he is not yet

---

[1] Beyond this 90-day period, certain classes of noncitizens may be detained even longer—what the statute calls inadmissible aliens (under 8 U.S.C. § 1182), those who have violated their nonimmigrant status conditions (under 8 U.S.C. § 1227(a)(1)(C)), those who have committed certain crimes, such as aggravated felonies, drug trafficking, or illegal firearm offenses (under 8 U.S.C. § 1227(a)(2)), those removable for national security or foreign relations reasons (under 8 U.S.C. § 1227(a)(4)), and those whom the Attorney General determines to be a risk to the community or unlikely to comply with the order of removal. These noncitizens "may be detained beyond the removal period" or released on conditions of supervision. 8 U.S.C. § 1231(a)(6). Because Mr. Muslar has not entered the removal period yet, it is unnecessary to discuss this further.

2

entitled to the 90- or 180-day custody reviews required by 8 C.F.R. § 241.4 following a final order of removal.

Instead, his detention falls under one of the statutes that allows for detention while removal proceedings are ongoing. *See* 8 U.S.C. §§ 1225, 1226. He argues in his petition that he is challenging his prolonged detention without an individualized bond hearing. But he also says that he had a bond hearing on February 18, 2026, where he was denied bond because of the pending criminal warrant (which has since been dismissed, he says). To the extent Mr. Muslar asks the court to reweigh the factors considered by the immigration judge in denying bond, the court lacks jurisdiction to review "operational decisions" to deny bond in a particular case, given the discretion afforded to immigration authorities. *See* 8 U.S.C. § 1226(e); *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999). He does not raise any constitutional challenge to the statutory or regulatory framework surrounding the bond hearing. *See Demore v. Kim,* 538 U.S. 510, 516-17 (2003); *Parra,* 172 F.3d at 957; *see also Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (plurality opinion). Therefore, the petition does not allege a basis for the court to find that Mr. Muslar's detention is unlawful.

Because Mr. Muslar is proceeding without counsel, the court must give his petition liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, he will be given the opportunity to file an amended petition before the court denies the petition.

For these reasons, the court GRANTS Kemoye Muslar until **July 24, 2026**, to file an amended petition addressing the issues raised in this order, and CAUTIONS him if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED.

June 23, 2026                               *s/ Damon R. Leichty*
                                            Judge, United States District Court